UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALFRED K. CLOKE, III,

      Plaintiff,

vs.

HERB ADAMS, *et al.*,

      Defendants.

Case No. 1:09-cv-660

Dlott, J.
Black, M.J.

# REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 7, 9, 16) BE GRANTED, AND THIS CASE BE CLOSED

Plaintiff brings this action, *pro se*, alleging violations of Section 101 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411, against 18 Defendants. Specifically, Plaintiff alleges that the "named defendants and all of the delegates present at the meeting of the Ohio and Vicinity Regional Council of Carpenters held on November 8, 2008 engaged in a 'scheme to suppress dissent' in violation of" 29 U.S.C. § 411, Sec. 101(a)(2). (Doc. 1, at p. 3)

This civil action is now before the Court on Defendants' motions to dismiss Plaintiff's complaint (Docs. 7, 9, 16) and the parties' responsive memoranda (Docs. 11, 12, 15, 17).

**I.**

According to the complaint, internal union charges were filed against Plaintiff by Michael Moore ("Moore") on or about February 8, 2008. (Doc. 1, at p. 3). Moore, who

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

is also a named Defendant, is alleged to be a member and employee of the Ohio and Vicinity Regional Council of Carpenters ("OVRCC").  Plaintiff claims that the copy of the charges that was sent to him was not signed by Moore or dated.

Plaintiff appeared at a hearing on February 8, 2008 before the OVRCC Executive Board.  Also present were Moore and attorney Steve Markus ("Markus") of the law firm Ulmer & Berne, LLP.  Both Markus and Ulmer & Berne, LLP, are named Defendants. (Doc. 1 at p. 3(a)).  Plaintiff "requested that [he] receive the same lodging and expenses as [D]efendant Moore." (Doc. 1 at p. 3).  But his request was denied by Robert Peto ("Peto"), a Defendant in this action.

Plaintiff appealed the denial of the request to Douglas McCarron, the General President of the United Brotherhood of Carpenters and Joiners of America ("UBC"). McCarron, however, refused to intervene. (Doc.1, at p. 3)  At the hearing, before the OVRCC Executive Board, Plaintiff presented his case, "citing legal precedents involving my rights to 'freedom of speech' and 'scheme to suppress dissent'" protected by the LMRDA.

Plaintiff was subsequently advised by letter dated July 8, 2008, "to appear on August 9, 2008." (Doc. 1 at p. 3(a)).  Plaintiff "again requested equal treatment with the same lodging and expenses as defendant Moore.  Defendant Peto again denied the request and defendant Douglas McCarron again refused to intervene to protect my rights as a member." (Doc. 1 at p. 3(a)).  Plaintiff appeared before a Trial Committee composed of delegates to the OVRCC including Defendants Andy Greenwald, Steve Beebe, William

Karkoff, Edward Wright and Patrick Joreski. Plaintiff put on his defense, "including the same legal precedent involving my rights of 'freedom of speech' and 'scheme to suppress dissent' under the LMRDA." (Doc. 1 at p. 3(b)).

Plaintiff claims that three witnesses he summoned appeared on his behalf at the trial. Furthermore, Plaintiff asked that other witnesses he previously summoned, who were at another meeting nearby to where the trial was being held, be summoned to appear when called. The Trial Committee Chairman, Defendant Greenwald, allegedly replied that if the witnesses "were not in the hallway waiting outside the trial room they could not be called." (Doc. 1 at p. 3(b)). At various points in the complaint, Plaintiff contends that the outcome of the trial on the charges against him was predetermined. (Doc. 1 at p. 3(b)).

By letter dated October 25, 2008, from Defendant Peto, Plaintiff was notified of the verdict. Plaintiff was found guilty of the charges that were brought against him. The proposed penalties included "a $15,000 fine, permanent suspension, and a letter of apology to Defendant Moore." (Doc. 1 at pp. 3(b)-(c)). The letter also advised Plaintiff of a meeting on November 8, 2008, at which the verdict and proposed penalties would be brought before delegates of the OVRCC.

Plaintiff then appeared at the November 8, 2008 meeting. Present were, among others, Herb Adams, a named defendant, "and the unknown rest of the delegates [of the OVRCC]". The delegates voted to impose the recommended penalties against Plaintiff. Plaintiff now claims that his "ability to dissent was gone (suppressed)." (Doc. 1 at p. 3(c)).

## II.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

## III.

*A.  International Defendants' Motion to Dismiss (Doc. 7)*

Defendants United Brotherhood of Carpenters and Joiners of America and Douglas McCarron ("International Defendants") assert that Plaintiff's complaint fails to state a claim upon which relief may be granted, and, therefore, his claims against them are properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is well-established that international unions are not obligated, nor under a duty, to intervene in the affairs of its subordinate bodies. *See Brenner v. United Brotherhood of Carpenters,* 927 F.2d 1283, 1289 (3rd Cir. 1991) ("(m)ere constructive knowledge of possible illegal activity on the local level is not sufficient to impose a legal duty to intervene on the International Union."); *Phelan v. United Ass'n of Journeymen of Plumbing Indus. Local,* 305, 973 F.2d 1050, 1062 (2d Cir. 1992) ("An international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts"), cert. denied, 507 U.S. 972 (1993).  In that regard, "International Unions could be destroyed by liability findings based on a hindsight analysis of what they should have done.*" See Shimman v. Frank*, 625 F.2d 80, 99 (6th Cir. 1980), reh'g den. 633 F.2d 468 (6th Cir. 1980); *Brenner* at 1292 ("Imposing upon an international union the legal obligation to protect local union members from allegedly abusive tactics by local officers could alter the delicate balance between local unions and their internationals to the sacrifice of local union

independence.").

Thus, an international union has no duty to intervene in the affairs of its subordinate bodies, even if the subordinate body is allegedly engaging in wrongdoing. Accordingy, the International Defendants assert that they had no duty to intervene in the alleged misconduct directed at Cloke at the subordinate body level, *i.e.,* a "scheme to suppress dissent" and deny him free speech rights. The undersigned agrees, and finds that Plaintiff's complaint fails to state a claim for relief against the International Defendants.

    B.    *The Council's Motion to Dismiss (Doc. 9)*

Defendants Ohio and Vicinity Regional Council of Carpenters ("OVRCC"), Herb Adams, Michael Moore, Frank Reynolds, Robert Peto, Steve Kasarnich, Mark Kuzmik, Ron Rothenbuhler and Doug Reffitt (collectively the "Council") also assert that Plaintiff's complaint fails to state a claim upon which relief may be granted, and, therefore, his claims against them are properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As implied in Plaintiff's recitation of the alleged facts, the OVRCC has an internal trial procedure pursuant to which members can file charges against other members. (*See* Doc. 9, Ex. B; See also *Cloke v. Moore, et al.*, Case No. 1:09cv572 (Doc. 10), which sets forth a portion of the applicable internal trial procedures.)

The OVRCC asserts that all of Plaintiff's allegations relative to the Council arise out of a charge filed against him by another member, which resulted in a finding against

Plaintiff, which he has appealed pursuant to the internal trial procedures, and which appeal is still pending. Thus, no final "internal judgment" has been entered against him as of yet. Moreover, no sanction has yet to be imposed on him, nor will any until his internal appeal rights have been exhausted. As such, the Council asserts that Plaintiff's complaint is, at best, premature.

It is well-established that a union member cannot pursue claims in federal court under 29 U.S.C. 411(a)(2) until he or she has exhausted any applicable internal procedures. For example, in *Holmes v. Donovan*, 984 F.2d 732 (6th Cir. 1993), a union member brought an action against a union for violations of his right to free speech under 29 U.S.C. 411(a)(2). The Sixth Circuit affirmed the district court's dismissal of the claim and held:

> Generally, a union member must exhaust internal procedures before turning to federal court. This policy is based on 'deferring judicial consideration' of 'disputes arising over internal union matters such as those involving the interpretation and application of a union constitution.'" Requiring exhaustion is especially appropriate where the claims concern only internal union affairs.

*Id*. at 738 (citation omitted). *See also Clayton v. International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America*, 451 U.S. 679, 688 (1981) (recognizing that the policy of forestalling judicial interference with internal union affairs pending exhaustion of internal remedies applies "to disputes arising over internal union matters such as those involving the interpretation and application of a union constitution") Therefore, to the extent Plaintiff's claim is based on allegations at issue in the pending

appeal *vis-à-vis* the internal trial procedures, the Council asserts that his claim is premature, and therefore that all of Plaintiff's claims should be dismissed for failure to exhaust internal appeal procedures.

The undersigned agrees, and finds that the Council's motion to dismiss is well-taken and should be granted.[2]

    C.    *Defendants Stephen A. Markus and Ulmer & Berne LLP's Motion to Dismiss (Doc. 16)*

As noted above, Plaintiff alleges that Mr. Markus, Ulmer & Berne, and other Defendants committed the following acts in violation of his rights under 29 U.S.C. § 411(a)(2): "the filing of charges (supposedly by) defendant Moore, the involvement of defendant Markus and the imposition of a $15,000 fine (which is about 80% of my yearly income)[,] permanent suspension, the preferential treatment of defendant Moore, the failure to insure [sic] the appearance of summoned witnesses, the refusal of defendant McCarron to intervene to protect my rights as a member, the defendants orchestrated all of these actions to insure [sic] that my rights to free speech and dissent would be suppressed . . . ." (complaint at page marked "3(c)").

---

[2] Additionally, Plaintiff's Motion to Affirm that Effective "Service" Has Been Accomplished On All Defendants (Doc. 13) is not well-taken and is herein **DENIED**. Plaintiff asks the Court to affirm that "service" has been completed on Defendants Andy Greenwald, Steve Beebe, William Karkoff, Edward Wright, Patrick Joreski and all of the delegates present at the November 8, 2008 meeting of the OVRCC. Plaintiff purported to serve Defendants Andy Greenwald, Steve Beebe, William Karkoff, Edward Wright and Patrick Joreski with their respective summonses by virtue of "service" sent to Defendant OVRCC's main office located at 3615 Chester Avenue in Cleveland, Ohio. These individuals, however, are not employees or officers of the OVRCC. As such, service on said defendants in care of the OVRCC's office address is not effective.

Plaintiff makes the following specific allegations with respect to Mr. Markus: (1) Mr. Markus was present at the Ohio and Vicinity Regional Council of Carpenters' ("OVRCC") Executive Board meeting on February 8, 2008, at which the Executive Board determined that the charge filed by Defendant Michael Moore could proceed to trial; (2) Mr. Markus "took an active role in the proceedings of the day staying for the deliberation phase of the hearing;" (3) Mr. Markus, as a labor attorney, "should have recognized the obvious violations of the LMRDA presented;" (4) Mr. Markus testified at the trial held before the trial committee on August 8, 2008, "that it had been decided that none of [Mr. Cloke's] communications would ever be answered by the OVRCC;" and (5) Mr. Markus "is present at all OVRCC Executive Board meetings and general meetings serving as a quasi-member of the OVRCC." There are no specific allegations concerning Ulmer & Berne, other than it is the law firm of which Mr. Markus is a partner.

The "Bill of Rights" for members of a labor organization, including the right to free speech, pursuant to which Mr. Cloke has purported to bring his claims against Mr. Markus and Ulmer & Berne, is set forth in 29 U.S.C. § 411. Pursuant to 29 U.S.C. § 412, a member whose rights have been violated may bring an action against the labor organization. However, there is no provision in 29 U.S.C. § 412 allowing a member to sue the labor organization's attorney. As one district court held in dismissing a claim against a union's attorney, "[t]here is no authority for holding a union's attorney liable for violating the LMRDA where the challenged conduct consisted of providing legal advice

and otherwise performing the responsibilities of a lawyer." *Farrell v. Helen*, 174 LRRM 2616 (S.D.N.Y. 2004).

Thus, the undersigned finds that Plaintiff's complaint fails to state a claim for relief against Defendants Stephen Markus and Ulmer and Berne, LLP.


**IV.**

Based on the foregoing, the undersigned finds that Plaintiff's complaint fails to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, **IT IS THEREFORE RECOMMENDED THAT** Defendants' motions to dismiss be **GRANTED** (Docs. 7, 9, 16); and this case **CLOSED**.


Date: 5/27/10, nunc pro tunc 5/13/10,        s/ Timothy S. Black
reflecting work as the assigned        Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALFRED K. CLOKE, III,

       Plaintiff,                                    Case No. 1:09-cv-660

      vs.                                           Dlott, J.
                                                 Black, M.J.

HERB ADAMS, *et al.*,

       Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).